

Signed and Filed: April 1, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 18-30581 DM |
| TSAI LUAN HO, | ) Chapter 7 |
|     Debtor. | ) |
| ANDREA A. WIRUM, | ) |
|     Plaintiff, | ) Adv. Proc. No. 18-03051 DM |
| v. | ) |
| TSAI LUAN HO, | ) |
|     Defendant. | ) |

**MEMORANDUM DECISION RE TRUSTEE'S MOTION**

**FOR PARTIAL SUMMARY JUDGMENT**

## I. Introduction

On January 18, 2019, this court held a hearing on the motion of plaintiff and Chapter 7 Trustee Andrea Wirum ("Trustee") for partial summary judgment (the "MSJ") seeking denial of the discharge of Tsai Luan Ho ("Debtor") pursuant to 11 U.S.C. § 727(a)(3).[1]

---

[1] Unless otherwise noted, all statutory citations shall refer to Title 11 of the United States Code, aka the "Bankruptcy Code," and any references to rules shall refer to the Federal Rules of Bankruptcy Procedure.

For the reasons set forth below, the court is granting Trustee's MSJ and will deny Debtor's discharge.[2]

**II. Facts[3]**

    **a. General Background**

On May 28, 2018, Debtor filed a voluntary petition for relief under Chapter 7 and Trustee was appointed. (Case No. 18-30530). Debtor is or was the responsible individual in two Chapter 11 cases filed on January 10, 2018: Big Max, LLC (Case No. 18-30031) and Great Vista Real Estate Investment Corporation [Case No. 18-30032)

The first meeting of creditors in this case was held on June 26, 2018. Prior to that meeting, Trustee requested that Debtor provide certain documents and records constituting a complete accounting of Debtor's financial affairs in the years before she filed her Chapter 7 petition. [Dkt. 12-2 at 7]. The meeting of creditors was continued to August 7, 2018. Trustee alleges that at both meetings Debtor "repeatedly confirmed that she did not keep records or QuickBooks or any other system." {Dkt. 12-1 at 8]. This is consistent with Debtor's statements at the meeting of creditors in the Big Max and Great Vista cases. In those meetings, Debtor repeatedly stated that she does not maintain financial records.

Trustee asserts in her declaration in support of her MSJ that, after the filing of this adversary proceeding, she received

---

[2] Trustee also sought denial of Debtor's discharge under section 727(a)(5), but that ground is not the subject of the MSJ or the court's ruling.
[3] There are no material facts in dispute discussed here, so the court is not making any "findings of fact"; its conclusions of law follow from the undisputed facts.

numerous documents from Debtor. Debtor does not dispute that these documents were not provided in any particular order (including chronological order) and do not constitute an accounting of Debtor's affairs. Trustee further asserts that she is unable to ascertain the Debtor's financial condition from the large amount of documents that were provided to her, presumably for her to recreate a financial record for the Debtor.

### b. Debtor's Admissions

In paragraph 6 of her answer (Dkt. 5), Debtor admitted to allegations made in paragraphs 10 and 11 of the complaint (Dkt. 1). Specifically, she admitted that "for many years [she] has been involved in large and sophisticated real estate transactions, and that from 2015 through 2018, she "came into possession of large sums of money and disbursed large sums of money from her accounts.

## III. Discussion

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. The burden is on the moving party to show there is no genuine issue of material fact. *Id.* at 323. Once the movant has satisfied this burden, the non-moving party must demonstrate the existence of a genuine issue of fact for trial. *De Horney v. Bank of America Nat'l Trust & Sav. Ass'n.*, 879 F.2d 459, 464 (9th Cir. 1989). The Court must view all the evidence in the light most

favorable to the non-moving party. *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

Under section 727(a)(3), the court shall grant the debtor discharge unless:

> [t]he debtor has concealed, destroyed, mutilated, falsified, or <u>failed to keep or preserve any recorded information</u>, including books, documents, records, and papers, <u>from which the debtor's financial condition or business transactions might be ascertained</u>, unless such act or failure to act was justified under all the circumstances of the case.

11 U.S.C. § 727(a)(3)(emphasis added).

"The purpose of section 727(a)(3) is to make discharge dependent on the debtor's true presentation of his financial affairs." *Caneva v. Sun Communities Operating Ltd. P'ship* (*In re Caneva*), 550 F.3d 755, 761 (9th Cir. 2008). As explained in *Caneva*:

> <u>The disclosure requirement removes the risk to creditors of 'the withholding or concealment of assets by the bankrupt under cover of a chaotic or incomplete set of books or records.'</u> *Burchett v. Myers*, 202 F.2d 920, 926 (9th Cir. 1953). The statute does not require absolute completeness in making or keeping records. *Rhoades v. Wikle*, 453 F.2d 51, 53 (9th Cir. 1971). Rather, the debtor must 'present sufficient written evidence which will enable his creditors reasonably to ascertain his present financial condition and to follow his business transactions for a reasonable period in the past.' *Id*.

*Id*. at 761(emphasis added).

In *Caneva,* the debtor Caneva ("Caneva") owned or controlled approximately 15 business entities. In his final amended Schedule B, Caneva stated that the extent of his interest and status in the various entities was unknown. At a Rule 2004 examination, a creditor questioned Caneva about the nature of his interest in these companies and the existence of financial records for them. The debtor admitted that he kept no records for any of them,

despite the fact that some were operational and others existed as holding companies for active businesses. Caneva also admitted that he had no documentation regarding a $500,000 brokerage fee paid to an individual for a $20 million loan that Caneva purportedly had not received. The creditor sought a denial of Caneva's discharge under section 727(a)(3) and the bankruptcy court granted the summary judgment on the claim, based on Caneva's failure to keep or preserve any records whatsoever, much less adequate records, and had not explained through affidavits or testimony why his failure to keep or preserve records was justified. The district court affirmed the summary judgment denying Caneva's discharge.

In his appeal, Caneva argued that because he had turned over numerous unidentified documents to both the bankruptcy trustee and the creditor, and the $100,000 brokerage fee was a matter of public record, a genuine issue of material fact necessarily existed as to whether the documents were adequate to determine his financial condition and business transactions despite his admission that he had no records. In its *per curium* decision affirming the denial of Caneva's discharge, the Ninth Circuit disagreed, stating that:

> Caneva's continued focus throughout these proceedings on the quantity of the records that he produced misses the crucial point that the total absence of records related to his business entities and to his alleged $500,000 payment to [a broker] necessarily makes it impossible for [a creditor] to accurately determine his financial condition and business transactions.

*Id.* at 762.

As the Ninth Circuit observed, section 727(a)(3) places an affirmative duty on the debtor to accurately document his

Case: 18-03051    Doc# 21    Filed: 04/01/19    Entered: 04/01/19 11:40:17    Page 5 of 9

business affairs. *Id*. The greater the sophistication of the debtor, the higher the expectation of "greater and better" bookkeeping. *Id*.

In affirming the denial of Caneva's discharge, the Ninth Circuit established the criteria of making a prima facie case under section 727(a)(3): "by showing (1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." *Id*. at 761 (internal quotation marks and citation omitted). The burden of proof then shifts to a debtor to justify the inadequacy or nonexistence of the records. *Id*.

Trustee has established a prima facie case here that Debtor did not keep or maintain adequate financial records from which her financial condition may be determined. In fact, in a similar fashion as the debtor in *Caneva*, Debtor simply dumped receipts and bank statements on the Trustee, in no particular order, hindering Trustee's ability to ascertain an accounting of Debtor's affairs, in the two years prior to the petition date. Clearly Debtor made it impossible for the Trustee to account for Debtor's financial condition or business tranasctions.

Debtor does not dispute the fact that no financial records were kept or maintained. In fact, she has repeatedly admitted that she does not keep such records. This case is remarkably similar to the debtor's conduct in, and outcome of, *Caneva*: denial of discharge under section 727(a)(3). *Id*. at 764.

Even though Trustee has established a prima facie case under section 727(a)(3), a debtor may show that she is still entitled

Case: 18-03051    Doc# 21    Filed: 04/01/19    Entered: 04/01/19 11:40:17    Page 6 of 9

to discharge by establishing that her failure to keep or maintain records was justified. *Id.* at 763.  As discussed below, no such justification exists here.  Justification for the failure to keep or maintain records depends on whether others in like circumstances would ordinarily keep them. *Id.*

Debtor has been a licensed real estate broker since 2006. She has, for years, been involved in large and sophisticated transactions. She has participated, and received a commission, in transactions involving hundreds of thousands and sometimes millions of dollars. Reasonable persons in similar circumstances would have some method of bookkeeping in place to track the flow of funds in order to accurately ascertain their financial position.  While there is not any magic formula or precise guideline for assembling the record to establish a successful defense of a discharge challenge, here Debtor has offered nothing of meaningful substance to even approach a reasoned explanation.

Nor has debtor has provided compelling justification for why no meaningful and useful records were kept. Instead, she relies on her "culture, education, and business experiences" as reasons for why she did not maintain records, nearly all of which is immaterial. Debtor asserts that it is common practice in Chinese culture for large sophisticated deals to be documented "informally or not at all."  One point that court finds particularly troubling is that Debtor asserts, as a justification for not maintaining records, that "[she] has no formal training in business matter[] and business bookkeeping." If anything, that justifies the need to hire a bookkeeper or use some sort of

bookkeeping software to do for her what she claims she could not do for herself.

Debtor has admittedly engaged in sophisticated deals involving large dollar amounts as a licensed real estate broker, with a significant amount of funds flowing through her bank accounts. Given these admissions, Debtor's alleged justifications are untenable and she must accept the consequences of her failure to act appropriately to document the business activities she chose to pursue.

**IV. Conclusion**

Taking the record in the light most favorable to Debtor, Trustee has made her case under section 727(a)(3) and carried her statutory burden.  In turn, Debtor has failed to meet that challenge.  Her discharge must be denied, and Trustee's MSJ granted.  If Trustee will voluntarily dismiss her Second Claim For Relief, final judgment will also be entered.

Counsel for the Trustee should upload an order consistent with this memorandum decision and a final judgment (if desired) and should serve  copies of both on counsel for the Debtor in the manner required by B.L.R. 9021-1(c).

**\*\*END OF MEMORANDUM DECISION\*\***

## Court Service List

[None]